Schurtz v. Kleinmeyer.

---

SCHURTZ v. KLEINMEYER.

**Pleading:** IN ACTION FOR BREACH OF WARRANTY. In an action for breach of warranty of a stable horse represented to be sound and perfect in all respects, it was *held*, that an averment that the horse was unsound, that he was unable, except once in a great while, to perform his duty as a stable horse, was a sufficiently specific allegation of the breach of warranty.

*Appeal from Iowa Circuit Court.*

MONDAY, APRIL 28.

THE petition alleges that plaintiff purchased of defendant a stable horse, valued at $300, which the defendant verbally warranted to be sound and perfect in all respects. That the horse was unsound, and has so continued to remain, by reason whereof plaintiff was unable to stand him for mares during the season. That he was unable, except once in a great while, to perform his duty as a stable horse.

The defendant moved the court to require plaintiff to state specifically, " the precise nature of the unsoundness of the stable horse, as alleged in the petition." This motion was overruled. Defendant appeals.

*Hedges & Murphy* for the appellant.

*Rumple & Lake* for the appellee.

DAY, J. — It is claimed that the petition is not sufficiently specific, and that, under the provisions of section 2948 of the

Revision, the motion should have been sustained. In our opinion, it was rightly overruled. The petition does not allege a general unsoundness. Proof of defective sight, or shortness of wind, or swinney, or bone spavin, would not sustain the allegations of the petition. The averment is, that there was unsoundness producing a particular result, to wit: Rendering him unable to perform the duties of a stable horse. So far, there is an allegation of the precise defect which constitutes the breach of the warranty.

The impracticability of being more specific is a reason why it should not be required. This defect may arise from various causes, and a determination of its precise nature may require much professional skill.

And, indeed, veterinarians might differ as to its exact cause. One might suppose that it arose from weakness or malformation of the physical organs; another, that it was the result of general constitutional weakness ; and a third might attribute it to some other cause. Now, if the particular nature of the defect must be alleged, it is obvious that it must be proved substantially as alleged. A difference of opinion, among experts, as to the cause of the defect, might thus be fatal to the plaintiff's recovery. Such particularity of allegation and proof would tender a false issue to the jury.

The real question in this case is not, was the horse, from constitutional weakness or any other particular cause, unable to perform the duty for which he was intended, but was there, from any cause, or from all causes combined, an unsoundness producing such a result.

It is claimed, that in order to contain a negation of the existence of facts constituting the warranty, the petition must deny that the horse was sound in any respect, or must allege that he was unsound in every respect. This position cannot be admitted to be correct. The warranty is, that the horse is sound in every respect. There are but two possible conditions, soundness and unsoundness. If he is unsound in one respect, he is not sound in every respect, and the warranty has been broken. And, when plaintiff alleges that the horse is unsound

in one respect, he alleges that there has been a breach of the warranty that he was in every respect sound. A chain is not stronger than its weakest link.

We are of opinion that the judgment should be

Affirmed.